UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA ANN RODRIGUEZ, ERNIE STEVE HERNANDEZ and MARIE HERNANDEZ, as Beneficiaries of the Estate of Ernest John Hernandez,<br><br>Plaintiffs,<br><br>v.<br><br>PHH MORTGAGE CORPORATION; CLEAR RECON CORP; LIBERTY HOME EQUITY SOLUTIONS, INC.,<br><br>Defendants. | Case No. 1:22-cv-00619-AWI-HBK<br><br>VOLUNTARY DISMISSAL UNDER FED. R. CIV. P. 41 (a)(1)(A)(ii) AS TO PHH MORTGAGE CORPORATION AND HOME EQUITY SOLUTIONS<br><br>(Doc. No. 12) |

Plaintiffs and Defendant PHH Mortgage Corporation, as successor in interest to Liberty Home Equity Solutions, (collectively the "Parties") filed a Stipulation of Dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(ii) on December 28, 2022. (Doc. No. 12). The Parties state they are dismissing this action *with prejudice*. (*Id*.) (emphasis added). In light of the stipulated dismissal, this action is terminated by operation of law without further order from the Court as to PHH Mortgage Corporation, as successor in interest to Liberty Home Equity Solutions. Fed. R. Civ. P. 41(a)(1)(A)(ii).

On May 20, 2022, Defendant PHH, Mortgage Corporation removed this civil action from Stanislaus County Superior Court. (Doc. No. 1). Plaintiffs' complaint alleged four causes of

action against Defendants PHH Mortgage Corporation, Clear Recon Corporation, Liberty Home Equity Solutions, and Mortgage Electronic Registration Systems, Inc.  (Doc. No. 1-1).  On November 17, 2022, Plaintiff filed a notice of voluntary dismissal of this action with prejudice under Fed. R. cvi. P. 41(a)(1)(A)(i) as to Defendant Mortgage Electronic Registration Systems, Inc.  (Doc. No. 9).  According to the notice of removal, Defendant Clear Recon Corporation filed a Declaration of Non-Monetary Status pursuant to Cal. Civ. Code § 2924(b).[1] (Doc. No. 1 at 5).  Notably, the pleadings removed from the Superior Court did not include Clear Recon's Declaration.  As a result, the Court is unable to determine on what date Clear Recon filed its Declaration and whether fifteen days has elapsed from the filing of the Declaration to determine whether timely objections were filed and/or whether Defendant Clear Recon is deemed a nominal defendant.

Accordingly, it is hereby ORDERED:

1. The Clerk of Court shall reflect the Parties stipulated dismissal of this action with prejudice as to PHH Mortgage Corporation, as successor in interest to Liberty Home Equity Solutions, and terminate these defendants from the docket.

2. Within **five (5) days**, Plaintiffs shall advise the Court whether this action remains pending against Defendant Clear Recon Corporation or file an appropriate notice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) as to this remaining defendant.

Dated:     January 7, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[1] California Civil Code Section 2924 provides if "a trustee under a deed of trust is named in an action or proceeding in which that deed of trust is the subject," and "the trustee maintains a reasonable belief that it has been named in the action or proceeding solely in its capacity as trustee, and not arising out of any wrongful acts or omissions on its part in the performance of its duties as trustee, then, at any time, the trustee may file  a declaration of nonmonetary status." Cal Civ. Code. § 2924(b).  The opposing party has fifteen days from the filing of the declaration of nonmonetary status to object. Cal Civ. Code § 2924(c).